**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**WILLIAM J. JONAS, III,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　**CIVIL ACTION NO.: 1:20-CV-98
(JUDGE KLEEH)**

**JASON DAVIS,
President of ERC,**

      **Defendant.**

## REPORT AND RECOMMENDATION RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS [ECF NO. 17] BE GRANTED

This matter before the Court is pursuant to Defendant Jason Davis, CEO of Paramount Recovery Systems' Motion to Dismiss for Lack of Personal Jurisdiction, filed on December 4, 2020. [ECF No. 17]. The undersigned **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss for the reasons set forth below.

### I.　　RELEVANT PROCEDURAL HISTORY

On May 19, 2020, *pro se* Plaintiff William J. Jonas, III, an inmate at FCI Gilmer, filed the Complaint herein. [ECF No. 1].

Within his Complaint, Plaintiff alleges that Defendant violated the Fair Debt Collections Practices Act ("FDCPA") in twelve different ways, including communicating false information and false representations about Plaintiff's alleged debt, using false, deceptive, and unconscionable means to attempt to collect a debt from the Plaintiff, refusing to respond to Plaintiff's validation request, failing to report a disputed debt to the credit bureaus, re-aging the debt, not being in the county where Plaintiff lives, harassing Plaintiff in an attempt to collect the debt, and continuing to report to credit bureaus without validating the alleged debt. [ECF No. 1].

On December 4, 2020, Defendant filed the pending Motion to Dismiss for Lack of Personal Jurisdiction. [ECF No. 17]. On December 15, 2020, the Court issued a *Roseboro* notice to Plaintiff informing him that a response to the motion to dismiss must be filed within 21 days of the date of the notice. [ECF No. 19]. The *Roseboro* notice was delivered on December 18, 2020. [ECF No. 20].

On January 25, 2021, Plaintiff filed a request that the Court continue any deadlines for any response he must file to December 31, 2021, as well as refrain from any rulings adverse to Plaintiff until that same date or later. [ECF No. 22]. Plaintiff cited issues as to availability of, and access to, resources in the institution in which he currently is incarcerated. These issues are related to the COVID-19 pandemic. On January 27, 2021, the Court entered an order by which it denied Plaintiff's request and ordered Plaintiff to show cause, within 14 days of receipt of the order, why Defendant's motion to dismiss should not be granted and why this matter should not be dismissed without prejudice. [ECF No. 23]. The order was delivered on January 29, 2021. [ECF No. 24]. The Court has received nothing from Plaintiff to show cause as ordered.

## II.    DEFENDANT'S ARGUMENT

Defendant moves for Plaintiff's Complaint be dismissed because Plaintiff has failed to show this Court's personal jurisdiction over Defendant. Defendant moves that Plaintiff's Complaint be dismissed because (1) Plaintiff has failed to plead a prima facie showing of this Court's personal jurisdiction over Defendant; and (2) there is no proper basis for this Court to assert jurisdiction over Defendant. [ECF No. 17].

First, Defendant argues that the Plaintiff's Complaint "does not include any such allegation touching on the propriety of this Court exercising personal jurisdiction over" Defendant. [ECF No. 17-1 at 2]. Defendant notes that the Complaint alleges the Defendant is "a corporation organized

and existing under the laws of the State of Florida with its principle [sic] place of business at 8014 Bayberry Rd, Jacksonville, FL 32256." Id. However, Defendant argues this is "non-sensical" because Plaintiff's Complaint "does not show a connection with West Virginia, nor the minimum contacts necessary to support this Court's exercise of personal jurisdiction over" Defendant. Id.

Second, Defendant argues that even if the factual allegations in the Complaint are sufficient to state a prima facie case of personal jurisdiction, a sworn declaration by Defendant "rebuts any basis for invoking jurisdiction." [ECF No. 17-1 at 3]. Defendant asserts, through his declaration and in the memorandum, that he "has no contacts with the State of West Virginia so as to support the exercise of personal jurisdiction." [ECF No. 17-1 at 3]. Specifically, Defendant claims he did not participate in any of the specific conduct that the Plaintiff alleges, he did not communicate with the Plaintiff or know of his existence prior to this lawsuit, and he is not involved in Enhanced Recovery Company, LLC's day-to-day activities. Id. Defendant states in his declaration that he is the "Chief Compliance Officer of Enhanced Recovery Company, LLC[,]" but he clarifies that he is "not involved in day-to-day collection efforts" nor has he "personally solicited business or engaged in any other persistent course of conduct in the State of West Virginia." [ECF No. 17-3]. Defendant concludes that not only did Plaintiff fail to make a prima facie showing of personal jurisdiction, but the Defendant has "clearly establishe[d] that this Court lacks personal jurisdiction over Mr. Davis based on either general or specific jurisdiction relating to the claims." [ECF No. 17-1 at 3].

### III.   ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read

the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

When a federal court's personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), it is ultimately a plaintiff's burden to prove that jurisdiction exists by a preponderance of the evidence. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56 (4th Cir. 1993)). When the court addresses the jurisdictional question "by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016). See also New Wellington Financial Corp. v. Flagship Resort Development Corp., 416 F.3d 290, 294 (4th Cir. 2005); Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 62 (4th Cir.1993); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). In determining whether a plaintiff has made the requisite showing, the court must construe all relevant allegations of the pleadings and draw all reasonable inference in favor of the existence of jurisdiction. Carefirst, 334 F.3d at 396.

Two conditions must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the non-resident defendant must "comport with the requirements of the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). Since "the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the

normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp. v. Rapid Am. Corp., 124 F.3d 619, 627–28 (4th Cir. 1997) (citation omitted). Therefore, the Court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well-established that the exercise of personal jurisdiction over a non-resident defendant is consistent with the Due Process Clause if such a party has sufficient "minimum contacts" with [the forum] such that the maintenance of the suit does not 'offend traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). When assessing the "minimum contacts," courts should consider whether a "defendant's contacts with the forum also provide the basis for the suit." Carefirst, 334 F.3d at 397.

If a defendant's contact with the forum state provides the basis for the suit, courts may exercise what is known as "specific jurisdiction." Id. To determine whether specific jurisdiction exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id. General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

In cases involving corporate agents, "[w]hen a claim against a corporate agent rests on nothing more than that he is an officer or employee of the non-resident corporation, 'under sound due process principles, the nexus between the corporate agent and the forum state is too tenuous

to support jurisdiction over the agent personally.'" Bison Resources Corp. v. Antero Resources Corp., No. 1:16-CV-107-FPS, 2018 WL 701295, at * 7 (N.D. W.Va. Feb. 2. 2018) (quoting Columbia Briargate Co. v. First Nat. Bank in Dallas, 713 F.2d 1052, 1056 (4th Cir. 1983)). This is known as the "fiduciary shield" doctrine. Pittsburgh Terminal Corp. v. Mid Allegheny Corp., 831 F.2d 522, 525 (4th Cir. 1987) (citing Bulova Watch Co. v. K. Hattori & Co., 508 F.Supp. 1322, 1347 (E.D.N.Y.1981)). It is well established that "'[p]ersonal jurisdiction over an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation' [and] '[p]ersonal jurisdiction must be based on an individual's personal contacts with or purposeful availment of the forum state.'" Progressive Minerals LLC v. Rashid, No. 5:07-CV-108, 2008 WL 4416408, at *5 (N.D.W. Va. Sept. 24, 2008) (quoting Harte–Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Group, Inc., 299 F.Supp.2d 505, 513 (D.Md.2004)).

Here, personal jurisdiction does not exist. Per his affidavit, Defendant does not have any personal contacts with the State of West Virginia nor did he conduct any activities aimed at the State of West Virginia. According to Defendant's affidavit [ECF No. 17-3], Defendant has never resided in West Virginia nor maintained an office in the state. He further states that he owns no property in West Virginia nor uses, possesses, or has any other real property interest in the state. Id. Defendant goes on to state that he never has personally contract to supply goods or services in this State, nor has he ever personally solicited business or undertaken other activity here or derived substantial revenue from West Virginia. Id. From Defendant's affidavit, he never has known of Plaintiff, interacted with or communicated with Plaintiff, let alone attempted to personally collect a debt from Plaintiff. Id.

Based on all the foregoing, the Court must find that the Defendant does not have the necessary "minimum contacts" with West Virginia for personal jurisdiction nor has he "purposefully availed" himself to the jurisdiction. See International Shoe, 326 U.S. at 316; Carefirst, 334 F.3d at 397. Likewise, because Defendant has no presence in this State, Defendant does not meet the "continuous and systematic" requirement needed for this Court to have jurisdiction. See Helicopteros, 466 U.S. at 415. Accordingly, the undersigned finds that this Court does not have specific or general jurisdiction in this matter.

### IV. CONCLUSION

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 17] be **GRANTED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and struck from this Court's docket.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Clerk is directed to transmit copies of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

It is so **RECOMMENDED AND ORDERED.**

Respectfully submitted March 1, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE