**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

WILLIAM J. JONAS, III,

       Plaintiff,

v.                                 **Civ. Action No. 1:20-CV-98**
                                           **(Kleeh)**

JASON DAVIS,
**President of Enhanced Recovery**
**Company, LLC,**

       Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 26]

On May 5, 2020, the pro se Plaintiff, William Jonas ("Plaintiff"), filed a Complaint alleging violations of the Fair Debt Collections Practices Act ("FDCPA") against Defendant Jason Davis ("Defendant"). Compl., ECF No. 1.  On December 14, 2020, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction. [ECF No. 17]. Despite an Order to Show Cause and Denying Plaintiff's Motion for Continuance, Plaintiff failed to file a response in opposition to the Motion. [ECF No. 23].

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On March 1, 2021, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 26], recommending that the Court grant the Motion to Dismiss [ECF No. 17] and that Plaintiff's Complaint be dismissed without prejudice.

JONAS V. DAVIS                                              1:20-CV-98

ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 26]

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. Under Local Rule 12 of the Local Rules of Prisoner Litigation Procedure of the Northern District of West Virginia, "[a]ny party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12. Therefore, parties had fourteen (14) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Plaintiff accepted service of the R&R on March 3, 2021. [ECF No. 27]. Plaintiff timely filed objections to the R&R on March 15, 2021, and a motion to defer deadlines. [ECF Nos. 29 and 30].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's

recommendations" to which there are no objections. <u>Dellarcirprete</u> <u>v. Gutierrez</u>, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. <u>See</u> <u>Diamond v. Colonial</u> <u>Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, <u>de</u> <u>novo</u> review is unnecessary." <u>Green v. Rubenstein</u>, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (emphasis added) (citing <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." <u>Williams v. New York State Div. of</u> <u>Parole</u>, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. <u>See</u> <u>Mario v. P & C Food Markets, Inc.</u>, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal

JONAS V. DAVIS                                              1:20-CV-98

ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 26]

authority, [are] not sufficient." <u>Mario</u>, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." <u>Id.</u>; <u>see also</u> Fed. R. Civ. P. 72(b); LR PL P 12.

The Court finds that Plaintiff's objections are conclusory, restate allegations of his Complaint, and are not specific to the findings and recommendation of the Magistrate Judge with respect to the necessary standard for the allegations lodged in the Complaint regarding the FDCPA. Plaintiff specifically takes issue with the magistrate judge's January 27, 2021, order denying continuance [ECF No. 23], instead of the magistrate judge's recommendation that this Court dismiss Plaintiff's Complaint due to lack of personal jurisdiction.

Because Plaintiff's objections are insufficient as to the magistrate judge's recommendation that this Court lacks personal jurisdiction over Defendant, the Court is under no obligation to conduct a <u>de novo</u> review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [ECF No. 26]. The Motion to Dismiss is **GRANTED** [ECF No. 17] and the Complaint is **DISMISSED WITHOUT PREJUDICE.** Plaintiff's Motion to Defer Deadlines and Rulings is **DENIED AS MOOT.** [ECF No. 30].

4

JONAS V. DAVIS                                           1:20-CV-98

ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 26]

The Court **DIRECTS** the Clerk to enter judgment in favor of the Defendant as it relates to the remaining claims.  The Court **ORDERS** that this action be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record via electronic means and to the pro se Plaintiff via certified mail, return receipt requested.

**DATED:** April 1, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE